## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAMES TODD and                                                            PLAINTIFFS
VENDA LEE TODD

v.                              Case No. 4:09CV00336 JLH

D & D FOODS, INC. d/b/a MCDONALD'S;
and MCDONALD'S CORPORATION                                   DEFENDANTS

## OPINION AND ORDER

James and Venda Lee Todd bring this tort action against D & D Foods, Inc., and McDonald's

Corporation for injuries sustained by James Todd resulting from noncompliance of the defendants'

facility with the Americans with Disabilities Act.  The defendants filed a motion to dismiss for lack

of subject matter jurisdiction, and the plaintiffs responded with a motion for leave to amend the

complaint to state a cause of action under Title III of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12188 (2006).  For the following reasons, the defendants' motion to dismiss for lack of

subject matter jurisdiction is denied, and the plaintiffs' amended motion for leave to amend the

complaint is granted.

## I.

The plaintiffs allege that James Todd, who is disabled, went to the defendants' McDonald's

location in Bald Knob, Arkansas.  He parked in a spot specifically marked for disabled patrons, got

out of his vehicle, and proceeded on the sidewalk toward the restaurant entrance.  He alleges that he

did not notice a six inch drop in the sidewalk, and he fell and was injured as a result.  The Todds

allege that the defendants were negligent in failing to provide sidewalks and handicapped parking

spots in the manner required by the ADA Standards for Accessible Design, 28 C.F.R. Part 36 (2009).

They also allege that McDonald's failed to promulgate rules or standards for its franchisees in compliance with the ADA Standards for Accessible Design.

The Todds alleged in their complaint that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which requires an amount in controversy of more than $75,000 and complete diversity between the parties.  In their motion to dismiss for lack of subject matter jurisdiction, D & D Foods and McDonald's presented evidence that complete diversity is lacking.  The Todds responded by admitting that the Court lacks diversity jurisdiction, but they maintain that they have alleged facts sufficient to state a claim for relief under Title III of the ADA so that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Todds also seek to amend their complaint specifically to request injunctive relief under Title III of the ADA.

## II.

The defendants argue that this Court should not grant the Todds' motion for leave to amend their complaint to state a new basis for subject matter jurisdiction that was not averred in the original complaint.  To support their contention, the defendants cite to an unpublished Fourth Circuit Court of Appeals case in which the court determined that "a plaintiff may not . . . amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint." *Saxon Fibers, LLC v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005).  In that case the court reasoned that "a court without subject matter jurisdiction lacks authority to grant a party's amendment motion." *Id.*

Twenty-eight U.S.C. § 1653 provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  When facts are alleged to show that the court has jurisdiction but the allegations of jurisdiction are defective, a court can permit an amendment to

address the incorrect statements about jurisdiction. *Iron Cloud v. Sullivan*, 984 F.2d 241, 243-44 (8th Cir. 1993) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831, 109 S. Ct. 2218, 2222, 104 L. Ed. 2d 893 (1989)). Here, the original complaint alleged facts showing that jurisdiction exists under the ADA, but it made incorrect statements about jurisdiction. The proposed amended complaint corrects the jurisdictional allegations. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend should be freely granted when justice so requires. *Hanson v. Hunt Oil Co.*, 398 F.2d 578, 581-82 (8th Cir. 1968). In interpreting this rule, the Supreme Court has said:

> If the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 181-82, 83 S. Ct. 227, 228-30, 9 L. Ed. 2d 222 (1962) (emphasis added); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("[O]nly limited circumstances justify a district court's refusal to grant leave to amend pleadings; undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.").

Although the Todds' original complaint did not expressly request injunctive relief under Title III of the ADA, the complaint alleged with specificity that the defendants failed to comply with the Americans with Disabilities Act, which prohibits places of public accommodation from

discriminating against people on the basis of their disabilities.  *Klinger v. Dir. of the Mo. Dep't of Revenue*, 433 F.3d 1078, 1080 (8th Cir. 2006) (citing 42 U.S.C. §§ 12181(6)-(7), 12182).  Thus, the Americans with Disabilities Act was invoked in the complaint even though the prayer for relief did not expressly request relief thereunder and even though the jurisdictional allegations incorrectly asserted that the Court had jurisdiction based on diversity of citizenship.

The defendants oppose the plaintiffs' motion for leave to amend, but they do not argue that granting the motion would be unfairly prejudicial.  Nor do they argue that amending the complaint would be futile.  *See Sokolski v. Trans Union* Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) ("The party opposing such amendment ha[s] the burden of establishing that leave to amend would be prejudicial or futile.").  In light of the policy behind and purposes of Rule 15(a), it seems appropriate to grant leave to amend the complaint in a case such as this one, where permitting the amendment will facilitate adjudication on the merits of the plaintiffs' claim.[1]

## CONCLUSION

For the reasons stated above, the plaintiffs' motion for leave to amend the complaint and amended motion to amend are GRANTED.  Documents #11 and #20.  The defendants' motion to dismiss is DENIED.  Document #9.

---

[1] One function of Rule 15(a) is to make the pleadings process more efficient so that courts can decide on the merits of claims.  *See Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1488 n.11 (N.D. Iowa 1995) (noting that the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits).

IT IS SO ORDERED this 29th day of October, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE