IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES TODD and                                                                                      PLAINTIFFS
VENDA LEE TODD

v.                                         Case No. 4:09CV00336 JLH

D&D FOODS, INC. d/b/a MCDONALD'S; and
MCDONALD'S CORPORATION                                                                DEFENDANTS

**OPINION AND ORDER**

James and Venda Lee Todd commenced this action on May 11, 2009, alleging that the defendants' negligence caused Mr. Todd to fall and injure himself at the McDonald's restaurant located in Bald Knob, Arkansas. On November 2, 2009, the plaintiffs amended their complaint to include claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. The defendants have filed motions for summary judgment,[1] and the plaintiffs have responded. For the following reasons, the defendants' motions for summary judgment are granted.

**I.**

The facts of this case are simple. On the afternoon of May 11, 2006, James and Venda Lee Todd drove to the McDonald's restaurant in Bald Knob, Arkansas. Mr. Todd, who was driving at the time, pulled into a handicap parking spot in front of the restaurant. On the driver side of the handicap spot was a grassy area. Directly in front of the handicap spot was a concrete area and a sidewalk leading from the front passenger side of the parking spot to the restaurant. A white painted curb extended from the driver side of the handicap spot to the front passenger side of the handicap spot. On the passenger side of the handicap spot were white painted hash marks indicating a no

---

[1]Although the defendants filed separate summary judgment motions, the motions are identical and will be addressed simultaneously.

parking zone and a handicap ramp, also known as a "curb ramp," leading from the parking lot to the sidewalk.  Mr. Todd stepped out of the vehicle from the driver side onto the grassy area.  He then walked around the front of the vehicle toward the passenger side to open the door for his wife.  As Mr. Todd stepped off of the curb between the passenger side of his vehicle and the curb ramp, he fell.  Mr. Todd was not looking down at the curb but at the passenger side of his car.  In his deposition, Mr. Todd stated that, on the day of the accident, he had 20/20 vision, and if he had been looking down at the curb, he would have seen it.

Mr. Todd had been to that McDonald's on several occasions prior to his accident.  More than once, his vehicle was parked in the same handicap spot where Mr. Todd parked the day he fell.  Mr. Todd was never driving on those days, however; he always got out of the vehicle on the passenger side in that particular parking spot.

**II.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue*

*for trial.'"* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### III.

The defendants allege that, as a matter of law, they cannot be found negligent because the curb where Mr. Todd fell was known and obvious. In order to prove negligence, there must be a failure to exercise proper care in the performance of a legal duty that the defendants owed the plaintiffs. *Delt v. Bowers*, 97 Ark. App. 323, 325, 249 S.W.3d 162, 164 (2007). "A property owner has a duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the benefit of an invitee." *Id.*[2] "However, one is not liable to an invitee for physical harm caused by any activity or condition on the land whose danger *is known or obvious* to the invitee, unless the landowner should anticipate the harm despite such knowledge or obviousness." *Id.* at 326, 249 S.W.3d at 165 (citing *Van DeVeer v. RTJ, Inc.*, 81 Ark. App. 379, 385, 101 S.W. 3d 881, 884 (2003)) (emphasis added). In other words,

> [t]he duty to warn an invitee of a dangerous condition applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the invitor but not known to the invitee and would not be observed by the latter in the exercise of ordinary care.

*Kroger Co. v. Smith*, 93 Ark. App. 270, 275, 218 S.W.3d 359, 363 (2005). "The question of whether a duty is owed is always a question of law and never one of fact for the jury." *Van DeVeer*, 81 Ark.

---

[2] An "invitee" is "one induced to come onto property for the business benefit of the possessor." *Bader v. Lawson*, 320 Ark. 561, 564, 898 S.W.2d 40, 42 (1995) (quoting *Lively v. Libbey Mem'l Physical Med. Ctr.*, 311 Ark. 41, 45, 841 S.W.2d 609, 611 (1992)).

App. at 385, 101 S.W.3d at 884. Furthermore, "[t]he burden of proof is always on the party asserting negligence, as negligence is never presumed." *AutoZone v. Horton*, 87 Ark. App. 349, 354, 192 S.W.3d 291, 295 (2004).

The defendants argue that, although the Todds were invitees, they are not liable to Mr. Todd because the curb was a known or obvious danger. In his deposition, Mr. Todd stated that he was familiar with the area where he parked at McDonald's on May 11, 2006. (Defs.' Ex. 1, p. 13.) He had been to that McDonald's restaurant three to four times since it had been built, had parked in the same handicap spot where he parked on the day he fell, and had walked from the passenger side of the handicap spot into the restaurant. (*Id.* at 12-13.) Mr. Todd had 20/20 vision at the time of the accident. (*Id.* at 16.) He stated in his deposition that if he had looked at where he was stepping, he would have seen the curb. (*Id.* at 31.) Based on this evidence, no reasonable jury could find that the curb was not a known or obvious danger to Mr. Todd.

The Todds contend that, even if the curb was a known or obvious danger, the obvious-danger exception does not apply because the defendants should have anticipated that the curb posed an unreasonable risk to invitees. The obvious-danger exception does not apply if, because of extraordinary circumstances, the defendants should have reasonably anticipated that the plaintiffs would be exposed to some unreasonable risk despite their knowledge of the risk or its obviousness. *Van DeVeer*, 81 Ark. App. at 389-90, 101 S.W.3d at 886-87. The Todds offer no evidence to suggest that the defendants should have anticipated that the curb posed a risk to invitees. Larry Talbert, the manager of the McDonald's in Bald Knob, Arkansas, at the time of the accident, was not aware of anyone who had fallen on the curb, ramp, or any other location in and around the parking lot of the McDonald's restaurant prior to Mr. Todd's fall. The Todds suggest that the

defendants must have known that the curb was unsafe because, after Mr. Todd fell, the defendants blocked the curb with a trash bin. However, the facts set out to oppose a summary judgment motion must be admissible. Fed. R. Civ. P. 56(e). Subsequent remedial measures are not admissible to prove negligence or culpable conduct. Fed. R. Evid. 407. Placing the trash bin on the curb where Mr. Todd fell in order to prevent others from falling is not admissible to prove negligence, and thus cannot be used to defend against a summary judgment motion. Based on this evidence, the defendants are entitled to summary judgment on the Todds' negligence claims.

## IV.

The defendants also seek summary judgment on the Todds' ADA claims. Pursuant to the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," and any person who is subjected to discrimination in violation of the ADA has a claim for relief. 42 U.S.C. §§ 12182(a), 12188(a)(1) (2006). Discrimination by places of public accommodation includes a failure to design and construct facilities that are, or change existing facilities to be, readily accessible to and useable by individuals with disabilities. 42 U.S.C. § 12183(a)(1)-(2). The ADA authorizes the promulgation of standards applicable to facilities covered under § 12182. 42 U.S.C. § 12186. The regulations specifically state, "New construction and alterations . . . shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." 28 C.F.R. § 36.406 (2010). Appendix A, which includes portions of the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), provides that transitions from ramps to walks must be free of abrupt changes (4.7.2); curb ramps located where pedestrians must walk across the ramp, or where they are not protected by handrails or guardrails, must have

flared sides (4.7.3); and curb ramps must have certain detectable warnings (4.7.7). 28 C.F.R. pt. 36, app'x A.

Here, the defendants allege that the plaintiffs cannot assert an ADA claim because Mr. Todd was not injured on the curb ramp. Pursuant to Article 3 of the United States Constitution, to have standing to assert a claim, a plaintiff must prove (1) that he suffered an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Here, the plaintiffs challenge the design of the curb ramp and allege that it does not comply with the ADA. However, they offer no evidence that Mr. Todd was injured as a result of the curb ramp's faulty design or that the Todds are likely to be injured in the future. The only injury the Todds allege was that sustained by Mr. Todd on May 11, 2009, when he fell off of the curb and into the parking lot. During his deposition, Mr. Todd was shown pictures of the McDonald's parking lot and was asked to mark exactly where he fell. He indicated that he fell when he stepped from the curb into the parking lot a short distance from the curb ramp. He also indicated that he did not use or attempt to use the curb ramp. To meet the injury-in-fact requirement, "the party seeking review [must] be himself among the injured." *Id.* at 563, 112 S. Ct. at 2137; *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). Mr. Todd is not "among the injured" with regard to ADA violations involving the construction and design of the curb ramp since he was not injured using or attempting to use the curb ramp. *See Steger*, 228 F.3d at 893 (finding that a plaintiff who was blind lacked standing with regard to ADA violations that do not affect the blind). Thus, the defendants are entitled to summary judgment on the plaintiffs' ADA claims.

## CONCLUSION

For the foregoing reasons, the defendants' motions for summary judgment are GRANTED. Documents #33 and #36.

IT IS SO ORDERED this 28th day of April, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE